UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL WAYNE CARRUTHERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00275-JRS-DLP |
| ) | |
| WILLIAM SPANENBURG Dr., ) | |
| CHERL PETTY Nurse Practitioner, ) | |
| RITZ DR., ) | |
| ) | |
| Defendants. ) | |

**Order Granting Defendant Cheryl Petty's
Motion for Summary Judgment**

On June 18, 2018, this action was severed from *Carruthers v. Foreman*, case number 2:18-cv-00161-JPH-MJD, and brings claims by Indiana Department of Correction inmate Michael Wayne Carruthers against three medical providers at the Putnamville Correctional Facility in Greencastle, Indiana. Dkt. 1. Suing under 42 U.S.C. § 1983, Mr. Carruthers contends the defendants, two physicians and a nurse practitioner (NP), violated his Eighth Amendment rights by delaying adequate treatment for his hernia. Defendant NP Cheryl Petty (named in the caption as "Cherl Petty") moves for summary judgment. For the reasons explained below, NP Petty's motion is **granted**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment

if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573-74 (7th Cir. 2017).

Mr. Carruthers responded to NP Petty's motion, agreed her statement of facts was correct, but did not otherwise provide evidence to support his claim. "A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment." S.D. Ind. Local Rule 56-1. Summary judgment has been described as the "put up or shut up" moment in a lawsuit, and Mr. Carruthers has not "put up." *Grant*, 870 F.3d at 574. Nonetheless, the Court has considered Mr. Carruthers' July 18, 2018, verified amended complaint as presenting evidence for summary judgment purposes.

## II. Undisputed Facts

NP Petty is licensed to practice medicine in Indiana, and at all times material to Mr. Carruthers' allegations was an employee of Wexford of Indiana, LLC, the medical contractor at PCF. Dkt. 48-1 (NP Petty's affidavit). She saw and treated Mr. Carruthers. *Id.*

NP Petty first saw Mr. Carruthers on January 30, 2018, after he had been diagnosed by co-defendant Dr. William Spaneberg as having an inguinal hernia. *Id.* Mr. Carruthers complained of randomly occurring mild symptoms from the hernia. He specifically asked NP Petty if he could have the hernia "taken care of" but added that it was not really "bothering me yet.'" *Id.* NP Petty examined Mr. Carruthers and noted that the hernia was noticeable only with straining, but that otherwise it remained "reducible." The medical records reflected that the physician had provided Mr. Carruthers with pain medication and a hernia belt. *Id.* Because his condition did not appear to be urgent or overly concerning, NP Petty advised Mr. Carruthers that he should follow-up with health care staff if there was any change. *Id.*; dkt. 48-3 (medical records).

In March 2018, Mr. Carruthers was referred for an off-site consultation with Dr. Francis Tapia regarding treatment options for his hernia. Dkt. 48-1.

When Mr. Carruthers next saw NP Petty, on April 2, 2018, he requested a colonoscopy because he had not had one in five years. NP Petty noted that Mr. Carruthers had no family history of colon cancer and reported no symptoms of colon trouble. She told Mr. Carruthers that she did not believe a colonoscopy was warranted at that time. *Id.*; dkt. 48-3.

The next and last time NP Petty saw Mr. Carruthers was April 17, 2018, when he came for a medication review. Mr. Carruthers said that he had seen the hernia specialist but was not yet scheduled for surgery. She conducted another examination and again noted the hernia, also noting that it was problematic only with straining, but that it was still "reducible." Dkt. 48-1. NP Petty again noted that Mr. Carruthers had a hernia belt and pain medication. *Id.* She understood that his treatment was being managed by Dr. Spanenberg, so she again advised Mr. Carruthers to follow-up with the medical staff if he experienced any change. Dkt. 48-1; dkt. 48-3.

NP Petty did not see Mr. Carruthers after this visit and was no longer involved in his care or treatment. Dkt. 48-1. Mr. Carruthers transferred to another correctional facility on April 25, 2018. Dkt. 48-1; dkt. 48-3.

At his deposition, Mr. Carruthers testified that he was suing NP Petty because "she was giving me the wrong information when I was going to see her about the hernia, and she was telling me to put ice on it, [and] take . . . Tylenol." Dkt. 48-2 at pp. 16-17 (Mr. Carruthers' deposition). But he also testified that NP Petty "could have been telling me right," but that she was only a nurse and he wanted to see the doctor. *Id.* at p. 34.

### III. Discussion

Mr. Carruthers' § 1983 claims against NP Petty for deliberate indifference to his serious medical needs arise, because he is a convicted offender, under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Prison officials have a duty to provide humane conditions of confinement, which includes *adequate* medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To prevail on a deliberate indifference to serious medical needs claim, Mr. Carruthers must show that (1) he suffered from an objectively serious medical condition, and (2) the defendant knew about the condition and the substantial risk of harm it posed but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775 (7th Cir. 2014); *see also Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (*en banc*) ("To determine if the Eighth Amendment has been violated in the prison medical context, [courts] perform a two-step analysis, first examining whether a plaintiff

4

suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition."). To elaborate further:

> To prove deliberate indifference, mere negligence is not enough. A plaintiff must provide evidence that an official actually knew of and disregarded a substantial risk of harm. The linchpin is a lack of professional judgment. A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances. A prison medical professional faces liability only if his course of treatment is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.

*Campbell v. Kallas*, 936 F.3d 536, 544-45 (7th Cir. 2019) (internal citations and quotations omitted). To elaborate even more, deliberate indifference means a culpable state of mind equivalent to criminal recklessness. *Rivera v. Gupta*, 836 F.3d 839, 842 (7th Cir. 2016).

Applying these standards to the undisputed facts, no reasonable trier of fact could conclude that NP Petty was deliberately indifferent to Mr. Carruthers' serious medical needs. At each of the three times she saw Mr. Carruthers, he was under the care of a physician for his hernia. He had been provided a hernia belt and pain medication by the physician.

Mr. Carruthers pleaded in his amended complaint that when he first saw NP Petty on January 30, 2018, he told her he was in pain and wanted to see an outside specialist. Dkt. 10 at p. 3. NP Petty conducted an examination and recommended that he should put ice on the hernia and take Tylenol. *Id.* Mr. Carruthers does not dispute the evidence is that at this visit, he told NP Petty that his symptoms were mild and sporadic and not really bothering him yet. No reasonable trier of fact could find that, under these circumstances, NP Petty's recommendations for ice and Tylenol constituted deliberate indifference.

In his amended complaint Mr. Carruthers also pleads that at their April 2018 visit, he complained to NP Petty that the Tylenol was not effective for his pain. Dkt. 10 at p. 4. He has not

5

disputed NP Petty's evidence that at this visit she found the hernia was still reducible and was problematic only when straining. NP Petty also knew that Mr. Carruthers had now been seen by the outside specialist and his care was still being managed by the facility physician. On these facts, NP Petty was not indifferent to Mr. Carruther's pain. She knew he was already taking Tylenol for his pain and believed the hernia to still be reducible. She recommended continued use of Tylenol but counseled him on the correct way to take it. *Id.* On these facts, no reasonable trier of fact could find that NP Petty was deliberately indifferent to Mr. Carruthers' serious medical needs.

Finally, the Court notes that in his response to NP Petty's motion for summary judgment, Mr. Carruthers does not mention or argue anything about NP Petty's care and treatment of his medical needs, instead focusing only on the actions of the physicians. The physicians have not moved for summary judgment. In his deposition Mr. Carruthers testified that his suit against NP Petty was brought because she gave him erroneous information and should have referred him to a physician because she was "only a nurse." Dkt. 48-2. But he conceded that NP Petty's information could have been correct, and the record shows that he was already being cared for by physicians. NP Petty was not deliberately indifferent to Mr. Carruthers' serious medical needs.

### IV. Conclusion

Nurse Practitioner Cheryl Petty's motion for summary judgment, dkt. [46], is **granted**. All claims against NP Petty are **dismissed** with prejudice. Because this decision does not resolve all claims in this action, no final judgment is necessary at this time.

Because defendants Dr. William Spanenburg and Dr. Ritz have not moved for summary judgment, and the dispositive motion deadline has passed, the remaining claims in this action will be resolved by trial or settlement. The Magistrate Judge is requested to hold a status conference at

her earliest convenience to determine what remains to be done for trial and to explore the possibility of settlement, conducting a settlement conference as necessary.

A date for the final pretrial conference and trial on the merits will be set by separate order.

**IT IS SO ORDERED**.

Date: 3/23/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Wayne Carruthers
910472
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

By electronic service:
    The Honorable Doris L. Pryor
    United States Magistrate Judge